IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50402
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD DWAIN HART,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-96-ALL
---------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Reginald Dwain Hart pleaded guilty to count 1 of an indictment charging him with distribution of crack cocaine. Hart has appealed his sentence. Hart contends that the district court erred in determining that he is a "career offender" under U.S.S.G. § 4B1.1 because Hart had previously been convicted for at least two prior controlled substance felony offenses. Hart contends that the prior convictions were related because they were consolidated for trial and for sentencing. See U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 4A1.2, comment. (n.3.).  Hart concedes that this court held to the contrary in United States v. Garcia, 962 F.2d 479, 482-83 (5th Cir. 1992), abrogated on other grounds, Buford v. United States, 532 U.S. 59, 63-66 (2001), and United States v. Ford, 996 F.2d 83, 85-86 (5th Cir. 1993).  Hart contends that Garcia and Ford should be re-examined in light of Vallez v. State, 21 S.W.3d 778, 783 (Tex. App. 2000)).

Because this question was not raised in the district court, we review it for plain error.  See United States v. Deville, 278 F.3d 500, 509-10 (5th Cir. 2002).  Under FED. R. CRIM. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Because Hart's argument was rejected by this court in Garcia and Ford, Hart cannot show that the district court committed a clear or obvious error.  See United States v. Webster, 162 F.3d 308, 358 (5th Cir. 1998).  The judgment is

AFFIRMED.