OPINION




Nos. 04-03-00425-CR; 04-03-00426-CR & 04-03-00427-CR



Melvin Lee CRAWFORD,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court Nos. 1998-CR-3005; 1998-CR-3006 & 1998-CR-3007


Honorable Pat Priest, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 7, 2004


ABATED

 Melvin Lee Crawford appeals the trial court's judgments revoking his probation. Crawford's
appointed counsel on appeal, the same attorney who represented Crawford at his revocation hearing,
has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which she
concludes that the appeals have no merit. Counsel provided Crawford with a copy of the brief and
informed him of his right to review the record and file his own brief. See Nichols v. State, 954
S.W.2d 83, 85-86 (Tex. App.--San Antonio 1997, no pet.); Bruns v. State, 924 S.W.2d 176, 177
n.1 (Tex. App.--San Antonio 1996, no pet.). Crawford filed a pro se brief raising three issues: (1)
the trial court erred in not consolidating the three underlying offenses; (2) the trial court erred in not
ruling on his nunc pro tunc motion for consolidation prior to sentencing him; and (3) trial counsel was
ineffective in not requesting the trial court to rule on the motion for consolidation prior to sentencing.

 The basis for each of the issues raised in Crawford's brief appears to be this court's opinion
in Vallez v. State, 21 S.W.3d 778 (Tex. App.--San Antonio 2000, pet. ref'd). Although the issue
in Vallez was whether the trial court erred in entering amended nunc pro tunc judgments ex parte,
the opinion discusses the reason the consolidation of state court offenses can be critical when a
defendant is subject to federal court sentencing. See Vallez, 21 S.W.3d at 780. For example, in
Vallez, if the state offenses were consolidated, the range of imprisonment for the federal offense
would have been reduced from a range of 188 to 255 months to a range of 51 to 71 months. Id. 

 Offenses are consolidated if they are tried in a single criminal action. Id. at 783. A defendant
is prosecuted in a single criminal action whenever allegations and evidence of more than one offense
arising out of the same criminal episode are presented in a single trial or plea proceeding, whether
pursuant to one charging instrument or several." Id. "Criminal episode includes the commission of
two or more offenses if the offenses are the repeated commission of the same or similar offenses."
Id. "Even if separate judgments are entered, the issue ... of concern in the federal court case, is
whether the proceedings were consolidated." Id. "Offenses may be consolidated on a motion to
revoke probation that were not consolidated at the time of a plea." Id.

 In Vallez, we noted that the causes at issue were consolidated for purposes of revocation;
however, no reporter's record was filed from the original plea proceeding. Id. at 783-84. We noted
that "[i]f the record demonstrated that the trial court fully completed one plea proceeding, including
the imposition of sentence, before starting another, then the plea proceedings would be considered
not consolidated." Id. at 783. However, "[i]f the defendant enters separate pleas of guilty, but the
trial court holds a consolidated punishment hearing, the proceedings are deemed consolidated." Id.
at 784.

 In this case, the documents pertaining to the plea agreements were executed by Crawford on
the same date in each cause. The plea bargain form in each cause notes the other cause numbers.
The judgments reflect that each of the causes were called for trial on the same date, and sentence was
suspended in each judgment on the same date. Similar factors were noted in the opinion in Vallez as
creating an issue regarding whether the plea proceedings were consolidated. See id. at 779,80, 784.

 The clerk's record in appeal number 04-03-00425-CR contains a document entitled "Request
for Nunc Pro Tunc Order to Formally Consolidate the Above Causes." The style of the Request
includes all three of the underlying cause numbers. The Request is signed by Crawford's appointed
trial counsel, and a proposed form for an order is included.

 Crawford's contention that the trial court erred in failing to rule on the request does not
appear to have merit because the record does not reflect that the request was brought to the trial
court's attention. Crawford's contention that trial counsel was ineffective in failing to request a ruling
on the motion does appear to be an arguable point of error requiring further briefing. Rylander v.
State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (Meyers, J., dissenting) (ineffective assistance
claim may be brought on direct appeal for blatant error demonstrating absence of possible trial
strategy since information regarding attorney's subjective intent not relevant). If an appellate court
discovers an arguable ground for appeal, we must abate the appeal and remand the cause to the trial
court with instructions to appoint a new attorney for the appellant. Nichols v. State, 954 S.W.2d at
86. The new attorney will then be required to file a brief raising the nonfrivolous grounds we have
identified, as well as any additional grounds that the attorney discovers. Id.

 Accordingly, we grant appellate counsel's motions to withdraw, abate the appeals and remand
the causes to the trial court. The trial court shall, within thirty days of our opinion and order, appoint
new counsel on appeal to present all arguable grounds of error, including but not limited to the
nonfrivolous ground noted in this opinion.

 Alma L. López, Chief Justice


PUBLISH