NO. 07-05-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 12, 2006

_____

MARCO ANTONIO ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-00H-108; HONORABLE H. BRYAN POFF, JR., JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Marco Antonio Romero, appeals the dismissal of his motion for DNA testing without a hearing. We affirm.

Background

Appellant plead guilty to the offense of sexual assault enhanced by one prior felony conviction and was sentenced, pursuant to a plea bargain, to confinement for a period of ten years. Subsequently, appellant filed a motion for DNA testing pursuant to Chapter 64

of the Texas Code of Criminal Procedure.[1] TEX. CODE. CRIM. PROC. ANN. art. 64.01-05 (Vernon Supp. 2005). The State filed a reply motion requesting that appellant's motion be dismissed. The convicting court subsequently granted the State's motion to dismiss appellant's request without a hearing.

Appellant appeals this action of the convicting court. Appellant contends that the convicting court 1) committed reversible error in denying his motion for DNA testing, 2) erred in not appointing an attorney to represent appellant, and 3) that the State's attorney violated his due process rights by having the biological evidence destroyed. We affirm.

Denial of request for DNA testing

By his first contention, appellant asserts that the convicting court committed reversible error in denying the request for DNA testing. Appellant's brief is multifarious as to the first contention. However, we will treat appellant's brief as raising two separate issues within the issue of the denial of the request for DNA testing: 1) the entry of a *Nunc Pro Tunc* order by the convicting court without a hearing denying appellant due process of law, and 2) the convicting court's error in denying appellant's motion for DNA testing.

Initially, appellant complains that the action of the convicting court of entering a *Nunc Pro Tunc* order denied him due process of law. The record reveals that the convicting court entered an order on August 30, 2005, which denied the State's motion to dismiss appellant's motion for DNA testing. Subsequently, on September 7, 2005, the convicting

---

[1]Further references to the Texas Code of Criminal Procedure will be by art. ____.

court entered the complained of *Nunc Pro Tunc* order granting the State's motion to dismiss the motion for DNA testing. The *Nunc Pro Tunc* order contained the following statement by the convicting court: "This Order is being corrected to reflect the Court's original intent which was to Grant the State's Motion and thereby, deny the Movant's Motion." Appellant's complaint is that he was denied an opportunity for a hearing before the *Nunc Pro Tunc* order was entered. We will treat this as a claim that he was entitled to an evidentiary hearing before the convicting court dismissed the request for DNA testing. See generally Rivera v. State, 89 S.W.3d 55 (Tex.Crim.App.2002) (distinguishing pre test and post test hearings). As the Court pointed out in Rivera, nothing in art. 64.03 requires a hearing of any sort regarding the trial court's determination of whether a defendant is entitled to DNA testing. Id. at 58-59. The court further stated that the Legislature could have required a hearing in an art. 64.03 motion (pre test hearing), as it did in an art. 64.04 motion (post test hearing), but it did not. Id. at 59. Therefore appellant's contention that he was entitled to a hearing on his motion, prior to obtaining DNA testing, is without merit.

Also contained within appellant's discussion of the convicting court denying him a hearing on the *Nunc Pro Tunc* order are citations which the appellant contends require a hearing with the appellant present before an adverse *Nunc Pro Tunc* order can be entered. Vallez v. State, 21 S.W.3d 778 (Tex.App–San Antonio, 2000 pet. ref'd.); Shaw v. State, 539 S.W.2d 887 (Tex.Crim.App. 1976). While both cases state that an appellant is required to be in attendance and given the opportunity to be represented before an adverse *Nunc Pro Tunc* order can be entered, they are clearly distinguishable from the case before the court. In each of the cited cases, the order being modified was a result of

3

a proceeding where the attendance of the appellant was required. In each case the court had clearly intended to enter an order that was later changed and the change was disadvantageous to the appellant. In this case, appellant had no right to a hearing to begin with. Rivera, 89 S.W.3d at 58-59. In the case before the court, the convicting court never intended to grant appellant's motion and clearly indicated so in the portion of the order quoted above. For these reasons we find the authority cited by the appellant not to be controlling.

Appellant next urges that his request for DNA testing should have been construed as a post trial plea of actual innocence. To support this proposition, appellant cites the court to Kutzer v. State and the discussion contained therein regarding the legislative intent of the previous version of art. 64.03. Kutzer v. State, 75 S.W.3d 427 (Tex.Crim.App. 2002). However, Kutzer was not an actual innocence case and the discussion of actual innocence was a part of the court's analysis of appellant's burden of proof within the framework of a motion for DNA testing under art. 64.03. Id. at 438. Therefore, the convicting court and the State did not misconstrue what was required of appellant to obtain DNA testing.[2] Consequently, we will review the actual denial of the request for DNA testing under the standard for review as outlined in Rivera. Rivera, 89 S.W.3d at 59. This review is a bifurcated process affording almost total deference to the convicting court's determination of historical facts that turn on issues of credibility but reviewing the application of the law to the facts *de novo*. Id. In this case, since there was no hearing

---

[2] It should be noted that the language referred to by appellant in the Kutzer opinion was rendered moot by the revision of art. 64.03 in 2003. See Smith v. State, 165 S.W.3d 361, 364 (Tex.Crim.App. 2005).

4

held and no testimony received, we will review the application of the law to the facts issues *de novo*. <u>Id</u>.

Nowhere in appellant's motion for testing or in the accompanying affidavit does appellant state what facts support his request for testing. At best, the motion is a general plea of innocence. There are no supporting facts contained in the motion that the convicting court could use to grant a motion for testing. Additionally, neither the motion or affidavit request any particular items be tested. Finally, appellant makes no effort to show that any of the unspecified items were tested or the reason for the lack of testing. Art. 64.01(a) & (b). Appellant's position is strikingly similar to that of the appellant in <u>Dinkins v. State</u>. <u>Dinkins v. State</u>, 84 S.W.3d 639, 641-42 (Tex.Crim.App. 2002). In <u>Dinkins</u>, the Court of Criminal Appeals upheld the convicting court's denial of DNA testing where appellant failed to meet the requirements of art. 64.01. <u>Dinkins</u>, 84 S.W.3d at 641-42.

Finally, there is nothing in the record that purports to meet the requirement placed on appellant pursuant to art. 64.03 to demonstrate that (1) the evidence is still in existence and is in a condition making DNA testing possible; (2) the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced or altered in any material respect; and (3) that identity was or is an issue in the case. Art. 64.03(a)(1)(A)-(B). Appellant's motion and affidavit do not address the first two items at all. In connection with the issue of identity, appellant's affidavit clearly indicates that identity is not the issue. In fact, the affidavit admits appellant was present in the bedroom with the complaining witness and simply asserts that appellant does not remember having sexual intercourse with her. It is appellant's burden to show that a

5

reasonable probability exits that he would not have been prosecuted or convicted if exculpatory evidence had been obtained through DNA testing. Whitaker v. State, 160 S.W.3d 5, 8 (Tex.Crim.App. 2004). Appellant has failed to meet his burden of proof and, therefore, we find that the convicting court did not err in denying his motion for DNA testing. Accordingly, appellant's first issue is overruled.

Appointment of counsel

By his second contention, appellant argues the convicting court erred by not appointing counsel to represent him in his request for DNA testing. Initially it is observed that appellant has cited this court to the 2001 version of art. 64.01(c). Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2005)). However, the current version of art. 64.01(c) applicable to this case requires appointment of counsel if the convicting court finds there are reasonable grounds for the motion to be filed. Art. 64.01(c). We will review the denial of the request for counsel under an abuse of discretion standard. In re Ludwig, 162 S.W.3d 454, 455 (Tex.App–Waco 2005, no pet.). In our discussion of appellant's first contention, we reviewed appellant's motion for DNA testing and the affidavit filed in support of the motion and concluded that appellant failed to provide reasonable grounds for his motion. Having determined that appellant failed to meet the statutory requirements of art. 64.01 and art. 64.03, the convicting court's decision was a reasonable one. Hence, we cannot say that the convicting court's denial of appointed counsel was an abuse of discretion. Art. 64.01; art. 64.03; In re Ludwig, 162 S.W.3d at 455. Therefore, appellant's second issue is overruled.

6

State's destruction of biological evidence

Appellant's final contention is that the State violated his due process rights by destroying the biological evidence in contravention to art. 38.39. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 1, 2001 Tex. Gen. Laws, 2, 2 (amended 2005) (current version at TEX. CODE CRIM. PROC. ANN. art. 38.43) (Vernon Supp. 2005).[3] As a remedy for this alleged improper action, appellant requests that this court remand to the convicting court with instructions to dismiss the charge against him.

In essence, appellant is asking that this court order his immediate release and, as such, we must treat this request as a writ for *habeas* relief. Jurisdiction is fundamental and cannot be ignored. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). This court is obligated to determine, *sua sponte*, its jurisdiction because jurisdiction must be vested in a court by constitution or statute. Id. Art. 38.39 does not contain any provision for relief by the convicting court, nor authorizes an appeal to a court of appeals. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 1, 2001 Tex. Gen. Laws, 2, 2 (amended 2005). Further, the applicable provisions of articles 64.01-64.05 do not authorize a convicting court to render an order releasing a convicted person from incarceration pursuant to a prior conviction. Art. 64.01-64.05. Our jurisdiction is set forth in the Texas Constitution and such regulations as set forth by law. TEX. CONST. art. V § 6. As required by the constitution, the Legislature established our appellate jurisdiction to issue writs. TEX. GOV'T CODE ANN. § 22.221 (Vernon 1995). Under this section of the Texas Government Code,

---

[3] Although article 38.39 has been renumbered to art. 38.43, further reference will be to art. 38.39.

a court of appeals does not have original habeas corpus jurisdiction in a criminal case. Id. Thus, we have no jurisdiction to consider appellant's contention and decline to do so. This court has previously held, and we continue to hold, that this lack of jurisdiction must result in our dismissal of appellant's third contention. Watson v. State, 96 S.W.3d 497, 500 (Tex.App.–Amarillo 2002, pet. ref'd.). Therefore, appellant's third issue is dismissed for want of jurisdiction.

Conclusion

We affirm the trial court's judgment denying appellant's motion for DNA testing.

Mackey K. Hancock
Justice

Do not publish.