NO. 07-07-0363-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 28, 2007


 ______________________________



KENNETH LEE MAYER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NO. A4134-0706; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant Kenneth Lee Mayer, through his trial counsel, filed a timely notice of
appeal. In addition, appellant's trial counsel also filed a motion to withdraw which was
granted by the trial court on August 23, 2007. On September 17, 2007, appellant filed a
pro se notice of appeal. Included in appellant's pro se notice of appeal, appellant indicated
that he was indigent and had requested a court appointed appellate attorney. However,
our clerk's office has no record of any attorney having been appointed as of September 24,
2007.

 We now abate this cause and remand it to the 64th District Court of Swisher County. 
It is ordered that the judge of said court convene a hearing, after due notice to all parties,
to determine: 

 1) whether appellant desires to prosecute this appeal; 

 2) whether appellant has retained counsel; or 

 3) if appellant is not represented by retained counsel, whether appellant
is indigent and, therefore, is entitled to appointed counsel and a record of the
trial court proceedings free of charge.


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue his appeal, is not represented by counsel and is indigent, we then further direct the
court to 1) appoint counsel to assist in the prosecution of the appeal, and 2) issue an order
requiring the preparation of a clerk's record in accordance with Rule 34.5 of the Texas
Rules of Appellate Procedure. The name, address, phone number, fax number, and state
bar number of any counsel who is appointed to represent appellant on appeal must also
be included in the court's findings of fact and conclusions of law. Furthermore, the trial
court shall also cause to be developed 1) a supplemental clerk's record containing the
findings of fact and conclusions of law and all orders of the trial court issued as a result of
its hearing on this matter and 2) a reporter's record transcribing the evidence and
arguments presented at the aforementioned hearing. Additionally, the trial court shall
cause the supplemental clerk's record to be filed with the clerk of this court on or before
November 2, 2007. Should additional time be needed to perform these tasks, the trial
court may request same on or before November 2, 2007.

 It is so ordered.

 

 Per Curiam




Do not publish. 



Tunc order contained the following
statement by the convicting court: "This Order is being corrected to reflect the Court's
original intent which was to Grant the State's Motion and thereby, deny the Movant's
Motion." Appellant's complaint is that he was denied an opportunity for a hearing before
the Nunc Pro Tunc order was entered. We will treat this as a claim that he was entitled to
an evidentiary hearing before the convicting court dismissed the request for DNA testing. 
See generally Rivera v. State, 89 S.W.3d 55 (Tex.Crim.App.2002) (distinguishing pre test
and post test hearings). As the Court pointed out in Rivera, nothing in art. 64.03 requires
a hearing of any sort regarding the trial court's determination of whether a defendant is
entitled to DNA testing. Id. at 58-59. The court further stated that the Legislature could
have required a hearing in an art. 64.03 motion (pre test hearing), as it did in an art. 64.04
motion (post test hearing), but it did not. Id. at 59. Therefore appellant's contention that
he was entitled to a hearing on his motion, prior to obtaining DNA testing, is without merit.

 Also contained within appellant's discussion of the convicting court denying him a
hearing on the Nunc Pro Tunc order are citations which the appellant contends require a
hearing with the appellant present before an adverse Nunc Pro Tunc order can be entered.
Vallez v. State, 21 S.W.3d 778 (Tex.App-San Antonio, 2000 pet. ref'd.); Shaw v. State,
539 S.W.2d 887 (Tex.Crim.App. 1976). While both cases state that an appellant is
required to be in attendance and given the opportunity to be represented before an
adverse Nunc Pro Tunc order can be entered, they are clearly distinguishable from the
case before the court. In each of the cited cases, the order being modified was a result of
a proceeding where the attendance of the appellant was required. In each case the court
had clearly intended to enter an order that was later changed and the change was
disadvantageous to the appellant. In this case, appellant had no right to a hearing to begin
with. Rivera, 89 S.W.3d at 58-59. In the case before the court, the convicting court never
intended to grant appellant's motion and clearly indicated so in the portion of the order
quoted above. For these reasons we find the authority cited by the appellant not to be
controlling. 

 Appellant next urges that his request for DNA testing should have been construed
as a post trial plea of actual innocence. To support this proposition, appellant cites the
court to Kutzer v. State and the discussion contained therein regarding the legislative intent
of the previous version of art. 64.03. Kutzer v. State, 75 S.W.3d 427 (Tex.Crim.App.
2002). However, Kutzer was not an actual innocence case and the discussion of actual
innocence was a part of the court's analysis of appellant's burden of proof within the
framework of a motion for DNA testing under art. 64.03. Id. at 438. Therefore, the
convicting court and the State did not misconstrue what was required of appellant to obtain
DNA testing. (2) Consequently, we will review the actual denial of the request for DNA testing
under the standard for review as outlined in Rivera. Rivera, 89 S.W.3d at 59. This review
is a bifurcated process affording almost total deference to the convicting court's
determination of historical facts that turn on issues of credibility but reviewing the
application of the law to the facts de novo. Id. In this case, since there was no hearing
held and no testimony received, we will review the application of the law to the facts issues
de novo. Id. 

 Nowhere in appellant's motion for testing or in the accompanying affidavit does
appellant state what facts support his request for testing. At best, the motion is a general
plea of innocence. There are no supporting facts contained in the motion that the
convicting court could use to grant a motion for testing. Additionally, neither the motion or
affidavit request any particular items be tested. Finally, appellant makes no effort to show
that any of the unspecified items were tested or the reason for the lack of testing. Art.
64.01(a) & (b). Appellant's position is strikingly similar to that of the appellant in Dinkins
v. State. Dinkins v. State, 84 S.W.3d 639, 641-42 (Tex.Crim.App. 2002). In Dinkins, the
Court of Criminal Appeals upheld the convicting court's denial of DNA testing where
appellant failed to meet the requirements of art. 64.01. Dinkins, 84 S.W.3d at 641-42. 

 Finally, there is nothing in the record that purports to meet the requirement placed
on appellant pursuant to art. 64.03 to demonstrate that (1) the evidence is still in existence
and is in a condition making DNA testing possible; (2) the evidence has been subjected to
a chain of custody sufficient to establish that it has not been substituted, tampered with,
replaced or altered in any material respect; and (3) that identity was or is an issue in the
case. Art. 64.03(a)(1)(A)-(B). Appellant's motion and affidavit do not address the first two
items at all. In connection with the issue of identity, appellant's affidavit clearly indicates
that identity is not the issue. In fact, the affidavit admits appellant was present in the
bedroom with the complaining witness and simply asserts that appellant does not
remember having sexual intercourse with her. It is appellant's burden to show that a
reasonable probability exits that he would not have been prosecuted or convicted if
exculpatory evidence had been obtained through DNA testing. Whitaker v. State, 160
S.W.3d 5, 8 (Tex.Crim.App. 2004). Appellant has failed to meet his burden of proof and,
therefore, we find that the convicting court did not err in denying his motion for DNA testing. 
Accordingly, appellant's first issue is overruled.

Appointment of counsel


 By his second contention, appellant argues the convicting court erred by not
appointing counsel to represent him in his request for DNA testing. Initially it is observed
that appellant has cited this court to the 2001 version of art. 64.01(c). Act of April 3, 2001,
77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at
Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2005)). However, the current
version of art. 64.01(c) applicable to this case requires appointment of counsel if the
convicting court finds there are reasonable grounds for the motion to be filed. Art.
64.01(c). We will review the denial of the request for counsel under an abuse of discretion
standard. In re Ludwig, 162 S.W.3d 454, 455 (Tex.App-Waco 2005, no pet.). In our
discussion of appellant's first contention, we reviewed appellant's motion for DNA testing
and the affidavit filed in support of the motion and concluded that appellant failed to
provide reasonable grounds for his motion. Having determined that appellant failed to
meet the statutory requirements of art. 64.01 and art. 64.03, the convicting court's decision
was a reasonable one. Hence, we cannot say that the convicting court's denial of
appointed counsel was an abuse of discretion. Art. 64.01; art. 64.03; In re Ludwig, 162
S.W.3d at 455. Therefore, appellant's second issue is overruled. 

State's destruction of biological evidence


 Appellant's final contention is that the State violated his due process rights by
destroying the biological evidence in contravention to art. 38.39. Act of April 3, 2001, 77th
Leg., R.S., ch. 2, § 1, 2001 Tex. Gen. Laws, 2, 2 (amended 2005) (current version at Tex.
Code Crim. Proc. Ann. art. 38.43) (Vernon Supp. 2005). (3) As a remedy for this alleged
improper action, appellant requests that this court remand to the convicting court with
instructions to dismiss the charge against him. 

 In essence, appellant is asking that this court order his immediate release and, as
such, we must treat this request as a writ for habeas relief. Jurisdiction is fundamental and
cannot be ignored. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). This
court is obligated to determine, sua sponte, its jurisdiction because jurisdiction must be
vested in a court by constitution or statute. Id. Art. 38.39 does not contain any provision
for relief by the convicting court, nor authorizes an appeal to a court of appeals. Act of
April 3, 2001, 77th Leg., R.S., ch. 2, § 1, 2001 Tex. Gen. Laws, 2, 2 (amended 2005). 
Further, the applicable provisions of articles 64.01-64.05 do not authorize a convicting
court to render an order releasing a convicted person from incarceration pursuant to a prior
conviction. Art. 64.01-64.05. Our jurisdiction is set forth in the Texas Constitution and
such regulations as set forth by law. Tex. Const. art. V § 6. As required by the
constitution, the Legislature established our appellate jurisdiction to issue writs. Tex. Gov't
Code Ann. § 22.221 (Vernon 1995). Under this section of the Texas Government Code,
a court of appeals does not have original habeas corpus jurisdiction in a criminal case. Id. 
Thus, we have no jurisdiction to consider appellant's contention and decline to do so. This
court has previously held, and we continue to hold, that this lack of jurisdiction must result
in our dismissal of appellant's third contention. Watson v. State, 96 S.W.3d 497, 500
(Tex.App.-Amarillo 2002, pet. ref'd.). Therefore, appellant's third issue is dismissed for
want of jurisdiction.

Conclusion


 We affirm the trial court's judgment denying appellant's motion for DNA testing. 



 Mackey K. Hancock

 Justice



Do not publish. 
1. Further references to the Texas Code of Criminal Procedure will be by art. ____.
2. It should be noted that the language referred to by appellant in the Kutzer opinion
was rendered moot by the revision of art. 64.03 in 2003. See Smith v. State, 165 S.W.3d
361, 364 (Tex.Crim.App. 2005).
3. Although article 38.39 has been renumbered to art. 38.43, further reference will
be to art. 38.39.