COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-244-CR

NO. 2-08-245-CR

 

 

TRACY LYNN MENELEY                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                                    

                                              ------------

                                          I.  INTRODUCTION








Appellant Tracy Lynn Meneley pleaded guilty to
two theft charges.  In a single point,
Meneley claims that the trial court erred by imposing consecutive, instead of
concurrent, sentences following her convictions.  Specifically, Meneley argues that both charges
involved Athe repeated commission of the
same or similar offenses@ and therefore arose out of the Asame
criminal episode@ and that both of her charges
were prosecuted in a Asingle criminal action.@  Tex. Penal Code Ann. '' 3.01,
3.03(a) (Vernon 2003).  Because of this,
Meneley claims that her sentences should be served consecutively.  We will affirm.

                                  II.  PROCEDURAL BACKGROUND

On May 16, 2008, Meneley was charged in two
separate indictments, each for theft of property of a value less than
$1,500.  On June 5, 2008, Meneley entered
an open plea of guilty to each indictment. 
The trial court sentenced Meneley to one year=s
imprisonment in each case, to be served consecutively.  Our record does not contain a reporter=s
record.

                                  III.  CONSECUTIVE SENTENCING

A complaint about consecutive sentences is
reviewed under an abuse of discretion standard. 
Macri v. State, 12 S.W.3d 505, 511 (Tex. App.CSan
Antonio 1999, pet. ref=d).  The test for abuse of discretion is whether
the trial court=s action falls within the zone
of reasonable disagreement.  Manning
v. State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).








When a defendant has been convicted in two or
more cases, the trial court has the discretion, in the second and subsequent
case, to order that the sentences imposed run consecutively or
concurrently.  Tex. Code Crim. Proc. Ann.
art. 42.08(a) (Vernon 2006); see LaPorte v. State, 840 S.W.2d 412, 415
(Tex. Crim. App. 1992).  However, section
3.03 of the Texas Penal Code limits this discretion and mandates that sentences
shall run concurrently when the defendant is found guilty of more than one
offense arising out of the Asame
criminal episode@ that is prosecuted in a Asingle
criminal action.@ 
Tex. Penal Code Ann. '
3.03(a); Baker v. State, 107 S.W.3d 671, 672B73 (Tex.
App.CSan
Antonio 2003, no pet.).

Furthermore, the penal code defines Acriminal
episode@ as

[t]he commission of two
or more offenses, regardless of whether the harm is directed toward or
inflicted upon more than one person or item of property, under the following
circumstances:

 

(1) the offenses are
committed pursuant to the same transaction or pursuant to two or more
transactions that are connected or constitute a common scheme or plan; or

 

(2) the offenses are the
repeated commission of the same or similar offenses.

 

Tex. Penal Code Ann. ' 3.01.








A Asingle
criminal action@ occurs when allegations and
evidence of more than one offense arising out of the Asame
criminal episode@ are presented in a single trial
or plea proceeding.  See, e.g., Ex
parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995) (citing LaPorte,
840 S.W.2d at 414).  To prove that two or
more offenses were charged in a Asingle
criminal action,@ the record must demonstrate
that the trial court held one consolidated punishment hearing.  See Robbins v. State, 914 S.W.2d 582,
583 (Tex. Crim. App. 1996) (holding that even though the court conducted two
separate plea proceedings, there was one consolidated punishment hearing so
defendant was prosecuted in a Asingle
criminal action@).  If the record demonstrates that the trial
court fully completed one plea proceeding, including the imposition of the
sentence, before starting another, then the plea proceedings would not be
considered a Asingle criminal action.@  See, e.g., id. at 583B84; Pharr,
897 S.W.2d at 796 (finding no Asingle
criminal action@ when defendant pleaded guilty
and was sentenced for the first count, then pleaded guilty and was sentenced
for the second count).








In order to determine whether plea proceedings
were consolidated, a reporter=s record
is necessary.  See, e.g., Vallez
v. State, 21 S.W.3d 778, 784 (Tex. App.CSan
Antonio 2000, pet. ref=d).  Without a record of the original plea
proceedings, the court cannot determine whether the plea proceedings were
consolidated into a Asingle criminal action@ for
purposes of penal code section 3.03.  See,
e.g., id.; see also Ponce v. State, Nos. 13-01-00274-CR,
13-01-00275-CR, 2002 WL 34230833, at *2 (Tex. App.CCorpus
Christi Aug. 30, 2002, no pet.) (mem. op., not designated for publication) (AAlthough
the clerk=s record demonstrates that the
causes were heard and sentence imposed on the same day, this does not mean that
the causes were consolidated or heard together that day, especially when the
original judgments do not refer to each other and each cause has separate
paperwork.@).

Here, Meneley argues that A[a]lthough
no reporter=s record exists, the clerk=s record
clearly shows that the trial court handled [her] cases during the same plea
proceeding@ because Meneley entered her
guilty pleas on the same date before the same judge, sheCas well
as the same defense attorney and prosecutorCsigned
identical admonishment forms in each case, and the trial court imposed
sentences in each case on the same day. 
But without a reporter=s
record, we cannot determine whether the trial court held separate or
consolidated plea proceedings that day.  See
Vallez, 21 S.W.3d at 779B80, 84
(holding that whether plea proceedings were consolidated could not be
determined without reporter=s record
despite fact that plea papers were signed on same date, State=s
punishment recommendation and defendant=s
requested punishment were same in each cause, and trial court heard pleas and
imposed punishment on same day).

Because we cannot determine, on the record before
us, whether Meneley=s causes were prosecuted in a
single criminal action, we hold that the trial court did not abuse its
discretion in ordering Meneley=s
sentences to run consecutively.  See
Macri, 12 S.W.3d at 511.








                                          IV.  CONCLUSION

Having overruled Meneley=s single
point, we affirm the trial court=s
judgments.

 

SUE
WALKER

JUSTICE

 

PANEL: CAYCE, C.J.;
WALKER and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: February 12,
2009











[1]See Tex. R. App. P. 47.4.