

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-244-CR
NO. 2-08-245-CR

TRACY LYNN MENELEY                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Tracy Lynn Meneley pleaded guilty to two theft charges. In a single point, Meneley claims that the trial court erred by imposing consecutive, instead of concurrent, sentences following her convictions. Specifically, Meneley argues that both charges involved "the repeated commission of the

---

[1] *See* Tex. R. App. P. 47.4.

same or similar offenses" and therefore arose out of the "same criminal episode" and that both of her charges were prosecuted in a "single criminal action." Tex. Penal Code Ann. §§ 3.01, 3.03(a) (Vernon 2003). Because of this, Meneley claims that her sentences should be served consecutively. We will affirm.

## II. PROCEDURAL BACKGROUND

On May 16, 2008, Meneley was charged in two separate indictments, each for theft of property of a value less than $1,500. On June 5, 2008, Meneley entered an open plea of guilty to each indictment. The trial court sentenced Meneley to one year's imprisonment in each case, to be served consecutively. Our record does not contain a reporter's record.

## III. CONSECUTIVE SENTENCING

A complaint about consecutive sentences is reviewed under an abuse of discretion standard. *Macri v. State*, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 1999, pet. ref'd). The test for abuse of discretion is whether the trial court's action falls within the zone of reasonable disagreement. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

When a defendant has been convicted in two or more cases, the trial court has the discretion, in the second and subsequent case, to order that the sentences imposed run consecutively or concurrently. Tex. Code Crim. Proc.

2

Ann. art. 42.08(a) (Vernon 2006); *see LaPorte v. State*, 840 S.W.2d 412, 415

(Tex. Crim. App. 1992). However, section 3.03 of the Texas Penal Code limits

this discretion and mandates that sentences shall run concurrently when the

defendant is found guilty of more than one offense arising out of the "same

criminal episode" that is prosecuted in a "single criminal action." Tex. Penal

Code Ann. § 3.03(a); *Baker v. State*, 107 S.W.3d 671, 672–73 (Tex.

App.—San Antonio 2003, no pet.).

Furthermore, the penal code defines "criminal episode" as

[t]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann. § 3.01.

A "single criminal action" occurs when allegations and evidence of more

than one offense arising out of the "same criminal episode" are presented in a

single trial or plea proceeding. *See, e.g.*, *Ex parte Pharr*, 897 S.W.2d 795, 796

(Tex. Crim. App. 1995) (citing *LaPorte*, 840 S.W.2d at 414). To prove that

two or more offenses were charged in a "single criminal action," the record

must demonstrate that the trial court held one consolidated punishment hearing. *See Robbins v. State*, 914 S.W.2d 582, 583 (Tex. Crim. App. 1996) (holding that even though the court conducted two separate plea proceedings, there was one consolidated punishment hearing so defendant was prosecuted in a "single criminal action"). If the record demonstrates that the trial court fully completed one plea proceeding, including the imposition of the sentence, before starting another, then the plea proceedings would not be considered a "single criminal action." *See, e.g.*, *id.* at 583–84; *Pharr*, 897 S.W.2d at 796 (finding no "single criminal action" when defendant pleaded guilty and was sentenced for the first count, then pleaded guilty and was sentenced for the second count).

In order to determine whether plea proceedings were consolidated, a reporter's record is necessary. *See, e.g.*, *Vallez v. State*, 21 S.W.3d 778, 784 (Tex. App.—San Antonio 2000, pet. ref'd). Without a record of the original plea proceedings, the court cannot determine whether the plea proceedings were consolidated into a "single criminal action" for purposes of penal code section 3.03. *See, e.g.*, *id.*; *see also Ponce v. State*, Nos. 13-01-00274-CR, 13-01-00275-CR, 2002 WL 34230833, at *2 (Tex. App.—Corpus Christi Aug. 30, 2002, no pet.) (mem. op., not designated for publication) ("Although the clerk's record demonstrates that the causes were heard and sentence imposed

4

on the same day, this does not mean that the causes were consolidated or heard together that day, especially when the original judgments do not refer to each other and each cause has separate paperwork.").

Here, Meneley argues that "[a]lthough no reporter's record exists, the clerk's record clearly shows that the trial court handled [her] cases during the same plea proceeding" because Meneley entered her guilty pleas on the same date before the same judge, she—as well as the same defense attorney and prosecutor—signed identical admonishment forms in each case, and the trial court imposed sentences in each case on the same day. But without a reporter's record, we cannot determine whether the trial court held separate or consolidated plea proceedings that day. *See Vallez*, 21 S.W.3d at 779–80, 84 (holding that whether plea proceedings were consolidated could not be determined without reporter's record despite fact that plea papers were signed on same date, State's punishment recommendation and defendant's requested punishment were same in each cause, and trial court heard pleas and imposed punishment on same day).

Because we cannot determine, on the record before us, whether Meneley's causes were prosecuted in a single criminal action, we hold that the trial court did not abuse its discretion in ordering Meneley's sentences to run consecutively. *See Macri*, 12 S.W.3d at 511.

5

## IV.  CONCLUSION

Having overruled Meneley's single point, we affirm the trial court's judgments.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 12, 2009