

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00964-CR

**IN RE** Jose Flores **HERNANDEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Patricia O. Alvarez, Justice
             Irene Rios, Justice

Delivered and Filed: January 2, 2019

PETITION FOR WRIT OF MANDAMUS DENIED

Relator pled guilty to murder pursuant to a plea agreement. The judgment states relator was sentenced to life in prison. Relator contends he later sought information about the record in the case because, he contends, the trial court ruled from the bench that his punishment be assessed as sixty years' confinement. According to relator, the trial court "construed" his letter as a motion for judgment nunc pro tunc, which the trial court later denied. In this mandamus proceeding, relator raises two complaints: (1) the trial court denied him due process when it ruled without affording him a hearing or representation of counsel and (2) the trial court erred by not reviewing the court reporter's record from the original plea bargain proceeding that would have reflected the trial court pronounced a sixty-year sentence. Relator asks this court to order the trial court to set

---

[1] This proceeding arises out of Cause No. 80-CR-1362-W, styled *The State of Texas v. Jose Flores Hernandez*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Jefferson Moore presiding.

the matter for a hearing, allow relator to be present at the hearing, appoint him counsel, and allow relator to present evidence. We deny relator's petition for writ of mandamus.

The mandamus record does not contain a copy of the "letter" relator alleges he sent to the trial court, but the record contains a copy of the trial court's signed order denying relator's "motion for judgment nunc pro tunc." The order states the trial court "reviewed the defendant's record and determined that there is no error in the defendant's judgment." The mandamus record also contains a copy of the original written judgment, which states relator was sentenced to life.[2]

The purpose of a nunc pro tunc order is to have the court records correctly reflect the judgment actually rendered by the trial court. *See Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990). Before any unfavorable nunc pro tunc orders are entered, the person convicted should be given an opportunity to be present for the hearing and represented by counsel, to accord him due process of law. *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976); *Vallez v. State*, 21 S.W.3d 778, 782 (Tex. App.—San Antonio 2000, pet. ref'd).

In this case, the trial court did not enter a nunc pro tunc order or otherwise make any change to the original judgment that was disadvantageous to relator. Instead, the trial court denied relator's motion, concluding "there [was] no error in the defendant's judgment." Therefore, relator had no right to a hearing or representation of counsel. *See In re Holland*, 05-17-00375-CV, 2016 WL 8814362, at *1 (Tex. App.—Dallas Feb. 4, 2016, no pet.) (not designated for publication) (holding *Shaw* and *Vallez* not applicable because trial court did not enter an unfavorable judgment

---

[2] Relator asked this court to review the record in his underlying appeal from the denial of his motion for judgment nunc pro tunc, which was later dismissed for want of jurisdiction. That record contains various documents from the plea bargain, none of which state a sentence of only sixty years. The "Affidavit of Admonitions and Jury Waiver" reflects relator pled guilty to the charged offense, "the penalty for which as prescribed by law is . . . life or [illegible] to 99 years . . . ." The record does not contain a copy of a reporter's record from the plea proceedings.

nunc pro tunc); *Romero v. State*, 07-05-0348-CR, 2006 WL 1911388, at \*2 (Tex. App.—Amarillo July 12, 2006, no pet.) (not designated for publication) (holding same).

For this reason, we deny relator's petition for writ of mandamus.

PER CURIAM

Do not publish