**Melvin Lee CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–03–00425–CR, 04–03–00426–CR, 04–03–00427–CR.**

Court of Appeals of Texas,
San Antonio.

April 7, 2004.

Melvin Lee Crawford, Beaumont, pro se.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

■ Melvin Lee Crawford appeals the trial court's judgments revoking his probation. Crawford's appointed counsel on appeal, the same attorney who represented Crawford at his revocation hearing, has filed a brief in accordance with *Anders v.* *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she concludes that the appeals have no merit. Counsel provided Crawford with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State,* 954 S.W.2d 83, 85–86 (Tex.App.-San Antonio 1997, no pet.); *Bruns v. State,* 924 S.W.2d 176, 177 n. 1 (Tex.App.-San Antonio 1996, no pet.). Crawford filed a *pro se* brief raising three issues: (1) the trial court erred in not consolidating the three underlying offenses; (2) the trial court erred in not ruling on his nunc pro tunc motion for consolidation prior to sentencing him; and (3) trial counsel was ineffective in not requesting the trial court to rule on the motion for consolidation prior to sentencing.

The basis for each of the issues raised in Crawford's brief appears to be this court's opinion in *Vallez v. State,* 21 S.W.3d 778 (Tex.App.-San Antonio 2000, pet. ref'd). Although the issue in *Vallez* was whether the trial court erred in entering amended nunc pro tunc judgments *ex parte,* the opinion discusses the reason the consolidation of state court offenses can be critical when a defendant is subject to federal court sentencing. *See Vallez,* 21 S.W.3d at 780. For example, in *Vallez,* if the state offenses were consolidated, the range of imprisonment for the federal offense would have been reduced from a range of 188 to 255 months to a range of 51 to 71 months. *Id.*

■ Offenses are consolidated if they are tried in a single criminal action. *Id.* at 783. "A defendant is prosecuted in a single criminal action whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several." *Id.* "Criminal episode includes the commission

of two or more offenses if the offenses are the repeated commission of the same or similar offenses." *Id.* "Even if separate judgments are entered, the issue ... of concern in the federal court case, is whether the proceedings were consolidated." *Id.* "Offenses may be consolidated on a motion to revoke probation that were not consolidated at the time of a plea." *Id.*

In *Vallez*, we noted that the causes at issue were consolidated for purposes of revocation; however, no reporter's record was filed from the original plea proceeding. *Id.* at 783–84. We noted that "[i]f the record demonstrated that the trial court fully completed one plea proceeding, including the imposition of sentence, before starting another, then the plea proceedings would be considered not consolidated." *Id.* at 783. However, "[i]f the defendant enters separate pleas of guilty, but the trial court holds a consolidated punishment hearing, the proceedings are deemed consolidated." *Id.* at 784.

In this case, the documents pertaining to the plea agreements were executed by Crawford on the same date in each cause. The plea bargain form in each cause notes the other cause numbers. The judgments reflect that each of the causes were called for trial on the same date, and sentence was suspended in each judgment on the same date. Similar factors were noted in the opinion in *Vallez* as creating an issue regarding whether the plea proceedings were consolidated. *See id.* at 779, 780, 784.

The clerk's record in appeal number 04–03–00425–CR contains a document entitled "Request for Nunc Pro Tunc Order to Formally Consolidate the Above Causes." The style of the Request includes all three of the underlying cause numbers. The Request is signed by Crawford's appointed trial counsel, and a proposed form for an order is included.

Crawford's contention that the trial court erred in failing to rule on the request does not appear to have merit because the record does not reflect that the request was brought to the trial court's attention. Crawford's contention that trial counsel was ineffective in failing to request a ruling on the motion does appear to be an arguable point of error requiring further briefing. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim.App.2003) (Meyers, J., dissenting) (ineffective assistance claim may be brought on direct appeal for blatant error demonstrating absence of possible trial strategy since information regarding attorney's subjective intent not relevant). If an appellate court discovers an arguable ground for appeal, we must abate the appeal and remand the cause to the trial court with instructions to appoint a new attorney for the appellant. *Nichols v. State*, 954 S.W.2d at 86. The new attorney will then be required to file a brief raising the nonfrivolous grounds we have identified, as well as any additional grounds that the attorney discovers. *Id.*

Accordingly, we grant appellate counsel's motions to withdraw, abate the appeals and remand the causes to the trial court. The trial court shall, within thirty days of our opinion and order, appoint new counsel on appeal to present all arguable grounds of error, including but not limited to the nonfrivolous ground noted in this opinion.