**Melvin Lee CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–03–00425–CR, 04–03–00426–CR, 04–03–00427–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 15, 2004.

Melvin Lee Crawford, San Antonio, for appellant.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

Melvin Lee Crawford appeals the trial court's judgments revoking his probation. On April 7, 2004, we issued an opinion abating these appeals to the trial court. *See Crawford v. State*, 138 S.W.3d 16 (Tex. App.-San Antonio 2004, no pet.). Although Crawford's then appointed appellate attorney, who had also served as trial counsel, filed an *Anders*[1] brief in each of these appeals, we noted that the appeals presented an arguable point of error. *See id.* at 18. Specifically, trial counsel filed a "Request for Nunc Pro Tunc Order to Formally Consolidate the Above Cases" in an effort to clarify that the underlying cases were consolidated for purposes of federal sentencing guidelines; however, trial counsel failed to obtain a ruling on the request. *See id.* In filing the motion, trial counsel was obviously aware of the need for the consolidation issue to be clarified because Crawford was in federal custody serving time for a federal offense. Crawford states that the absence of the consolidation increases a five year sentence to a twelve year sentence. Despite the caution taken in filing the nunc pro tunc request, trial counsel did not pursue the critical step of obtaining a ruling on the motion. In our earlier opinion, we concluded that the contention that trial counsel was ineffective in failing to request a ruling was an arguable point of error requiring further briefing. *Id.*

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Crawford's newly appointed counsel has filed a brief presenting two issues: (1) trial counsel was ineffective in failing to obtain a ruling on the nunc pro tunc request; and (2) the offenses were consolidated as a matter of law. The State responds that the effective assistance of counsel requirement does not extend to collateral consequences such as whether the cases were consolidated. In addition, the State notes that various factors must be considered in determining whether cases were consolidated for federal sentencing purposes. Reluctantly, we must agree with the State.

■ While the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, this assurance does not extend to "collateral" aspects of the prosecution. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997). A consequence is "collateral" if it is not a definite, practical consequence of a defendant's guilty plea. *Id.* The enhancing effect of a state conviction on a federal sentence is a collateral consequence. *See, e.g., United States v. Cockrum*, 35 F.3d 572 (Table), 1994 WL 468024 (9th Cir. Aug.30, 1994) (not designated for publication); *United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir.1990); *McCall v. United States*, 2002 WL 32181345 (D.Conn. Dec.19, 2002); *Adkins v. State*, 911 S.W.2d 334, 350 (Tenn.Crim.App.1994). Accordingly, Crawford's right to effective assistance of counsel did not extend to any actions trial counsel failed to take in regard to

pursuing the consolidation of the underlying cases for purposes of federal sentencing guidelines.[2] Crawford's first issue is overruled.

■ Crawford also contends that we should hold that his offenses were consolidated as a matter of law. Whether offenses are consolidated for federal sentencing purposes, however, is a highly fact intensive issue which this court is not authorized to resolve. *See Buford v. United States*, 532 U.S. 59, 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744–45 (Tex.1986). Crawford's second issue is overruled.

The trial court's judgments are affirmed.

---

**2.** Although the majority in *Morrow* held counsel was not constitutionally required to advise defendants with regard to collateral consequences, the majority noted "it is highly desirable that both state and federal counsel develop the practice of advising defendants of the collateral consequences of pleading guilty." 952 S.W.2d at 537. In his dissent, Judge Baird cites a case holding that failing to advise a defendant regarding a collateral consequence may result in ineffective assistance of counsel where "counsel has reason to know

that particular collateral consequences are a concern to a defendant." *Id.* at 540–41 (Baird, J., dissenting) (citing *People v. Garcia*, 799 P.2d 413, 415 (Colo.App.1990), *aff'd*, 815 P.2d 937 (Colo.1991)). We are constrained by *Morrow* to conclude that counsel's actions were within the range of competence demanded of attorneys in criminal cases; however, we do not condone trial counsel's failure to pursue a ruling with regard to a collateral consequence that trial counsel knew was a concern to Crawford.