

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00369-CR

EX PARTE MONTA DRINKARD

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Monta Drinkard appeals the trial court's denial of the relief that he requested in his application for a writ of habeas corpus.[2]  He asserts that his guilty plea for assault causing bodily injury, a class A misdemeanor,[3] was involuntary and should be withdrawn.  We affirm the trial court's judgment denying relief.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. arts. 11.05, .09 (West 2005).

[3]*See* Tex. Penal Code Ann. § 22.01(a)(1), (b) (West 2011).

## Background Facts

In the middle of 2006, the State charged appellant with intentionally or knowingly causing bodily injury to Laschell Jackson, a member of his family or household, by striking her with his hand or by biting her. Appellant received appointed counsel. A few weeks after the State charged appellant with the assault, he waived his constitutional and statutory rights and pled guilty. In accordance with appellant's plea bargain agreement with the State, the trial court convicted him and assessed his punishment at sixty days' confinement. He did not appeal his conviction.

In 2009, appellant was convicted of a federal offense and received a sentence of 188 months' confinement. Appellant alleges, and the State acknowledges, that appellant's 2006 assault conviction enhanced his federal sentence.

In May 2011, appellant applied in the trial court for a writ of habeas corpus related to his assault conviction, arguing that his guilty plea had not been made intelligently and voluntarily. The State filed a response, and based on the arguments contained in that response, the trial court denied relief. This appeal followed.[4]

---

[4]We gave appellant an opportunity to file an appellate brief, but he did not do so. Thus, we will resolve the issues that appellant presented in the trial court based upon the law and the facts shown by the record. *See* Tex. R. App. P. 31.2.

## The Trial Court's Denial of Appellant's Application

To prevail upon a postconviction writ of habeas corpus application, the applicant bears the burden of proving, by a preponderance of the evidence, "the facts that would entitle him to relief." *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *see Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Alleging mere conclusions without supporting facts will not entitle an applicant to relief. *See Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).

In reviewing a trial court's decision to grant or deny relief on an application for a writ of habeas corpus, we afford almost total deference to the trial court's determination of the historical facts supported by the record. *Ex parte Twine*, 111 S.W.3d 664, 665 (Tex. App.—Fort Worth 2003, pet. ref'd); *Ex parte Okere*, 56 S.W.3d 846, 854 (Tex. App.—Fort Worth 2001, pet. ref'd). If the trial court's ruling on an application-of-law-to-facts question turns on an application of legal standards, rather than an evaluation of the credibility and demeanor of witnesses, we review the trial court's ruling de novo. *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd); *Okere*, 56 S.W.3d at 854; *Twine*, 11 S.W.3d at 665–66.

In part of his application, appellant contended that his guilty plea for assault was not intelligently and voluntarily made because he was not advised of the collateral consequences of the plea (presumably, that his conviction could be used to enhance a future sentence). In another part of his application, appellant

3

asserted that his plea was involuntary because he pled guilty, even though he was innocent, as a result of his counsel's advice that if appellant "did not do what the State wanted of him, he would be facing a harsher sentence."

The test for determining the validity of a plea is whether it represents a voluntary and intelligent choice among alternative courses of action open to the defendant. *Ex parte Karlson*, 282 S.W.3d 118, 129 (Tex. App.—Fort Worth 2009, pet. ref'd). A guilty plea made by a defendant fully aware of the direct consequences must stand unless induced by threats (or promises to discontinue improper harassment), by misrepresentation (including unfulfilled or unfulfillable promises), or by promises that are by their nature improper as having no proper relationship to the prosecutor's business. *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 810 (1998); *see also State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999) ("[A] guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences. It will not be rendered involuntary by lack of knowledge as to some collateral consequence.") (footnote omitted); *Alvarez v. State*, 63 S.W.3d 578, 582 (Tex. App.—Fort Worth 2001, no pet.) (citing *Jimenez* for the same proposition). A consequence is collateral if it is not a definite, practical result of a defendant's guilty plea. *Morrow*, 952 S.W.2d at 536 (stating that the possible enhancement of punishment has been held to be a collateral consequence of which a "defendant does not have to be knowledgeable before his plea is considered knowing and voluntary"); *see Sweatman v. State*, No. 02-10-00309-

4

CR, 2011 WL 1532399, at *1 (Tex. App.—Fort Worth Apr. 21, 2011, pet. ref'd) (mem. op., not designated for publication) (holding, for example, that parole eligibility is a collateral consequence of the entry of a guilty plea). The "enhancing effect of a state conviction on a federal sentence is a collateral consequence." *Crawford v. State*, 155 S.W.3d 612, 614 (Tex. App.—San Antonio 2004, pet. ref'd); *see Ex parte Giovannangeli*, No. 05-03-00377-CR, 2003 WL 21508777, at *1 (Tex. App.—Dallas July 2, 2003, no pet.) (mem. op., not designated for publication).

Appellant acknowledged in the trial court that his application was based on his trial counsel's alleged failure to advise him of the "collateral consequences" of pleading guilty. Based upon this concession and upon the authority cited above, we hold that the trial court did not err by determining that appellant's guilty plea was not involuntary based on the fact that his trial counsel may not have advised him that his assault conviction could be used to enhance future sentences. *See Jimenez*, 987 S.W.2d at 888–89; *see also Ex parte Gutierrez*, No. 02-08-00115-CR, 2008 WL 2330946, at *6 (Tex. App.—Fort Worth June 5, 2008, pet. ref'd) (mem. op., not designated for publication) ("[A]ny attempt by Gutierrez to claim that he was not admonished that his 1993 DWI conviction could be used to enhance future DWI convictions to a felony does not render his plea involuntary.").

Appellant also contended in the trial court that his plea was involuntary because he pled guilty on the advice of his trial counsel, despite his actual

5

innocence. When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, the voluntariness depends, in part, on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Ex parte Moody*, 991 S.W.2d 856, 857 (Tex. Crim. App. 1999). Appellant argues that he pled guilty because his trial counsel warned him that he would be "facing a harsher sentence" if he did not.[5] This advice was correct and was within the range of competence demanded of attorneys in criminal cases because appellant could have received up to one year of confinement and a $4,000 fine if he had not accepted the State's plea bargain offer of sixty days' confinement and no fine. *See* Tex. Penal Code Ann. §§ 12.21, 22.01(b) (West 2011).

Also, regarding appellant's apparent claim that he was actually innocent of assault, he failed to satisfy his burden to sustain the claim because with his application, he did not present any evidence, much less new evidence or clear and convincing evidence, of his innocence. *See Ex parte Brown*, 205 S.W.3d 538, 545–46 (Tex. Crim. App. 2006); *Ex parte Franklin*, 72 S.W.3d 671, 677 (Tex. Crim. App. 2002). Appellant has not presented a record by which we could conduct any meaningful review of his assertion that he was innocent of assaulting Jackson.

---

[5]Appellant does not assert, therefore, that his trial counsel advised him that he would necessarily receive a harsher sentence if he did not plead guilty.

For these reasons, we hold that the trial court did not err by denying the relief requested in appellant's application on the ground that his trial counsel advised him that he could face a harsher sentence if he did not plead guilty or on the ground that he was innocent of assault.

## Conclusion

Having held that the trial court did not err by denying relief on appellant's application for a writ of habeas corpus, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 9, 2012

7