

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00824-CR

**EX PARTE** Robert **MARTINEZ**, Jr.

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 587693
Honorable John Longoria, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed:  August 1, 2018

AFFIRMED

Appellant Robert Martinez, Jr. ("Martinez") appeals from the trial court's order denying

his sixth amended application for writ of habeas corpus. We affirm the trial court's order.

### BACKGROUND

Martinez was arrested for driving while intoxicated ("DWI") in 1983, 1984, 1994, and

again in 2013. He is currently serving a seven-year prison sentence for the 2013 offense, which

was enhanced to a felony based on the prior three offenses.

Martinez filed a pro se application for writ of habeas corpus, which he subsequently

amended multiple times. After the fifth amendment, Martinez was appointed habeas counsel, who

prepared Martinez's "Sixth Amended Application for Writ of Habeas Corpus" ("the Application").

The Application sets forth two claims for relief. The first is premised on Martinez's argument that

he is "currently subjected to incarceration for the offense of Driving While Intoxicated in Cause Number 587693 [the 1994 offense], based upon a plea of no contest that was not freely and voluntarily entered, that was the result of ineffective assistance of counsel." Exhibit E to the Application is the "Factual Affidavit of Robert Martinez," in which Martinez claims trial counsel:

> never advised me that by taking this plea, it could be used to enhance a future Driving While Intoxicated charge to felony because of my previous convictions. Had I known that it could be used to enhance a future charge of Driving While Intoxicated, I would not have taken a plea deal and would have proceeded to trial. I would have insisted on a trial and would never have taken any plea deal.

Martinez's second claim for relief ("Denial of Access to Courts") asserts he "has repeatedly been denied access to the jail library and proper legal materials to research and draft his writ of habeas corpus."

The trial court held a hearing on the Application. At the beginning of the hearing, the trial court inquired about Martinez's court-appointed habeas counsel. In response to the trial court's inquiry, Martinez confirmed he had sufficient time to confer with habeas counsel and was satisfied with habeas counsel's representation. Habeas counsel then called Martinez's sole witness: the court-appointed trial counsel who represented Martinez when he pleaded "no contest" to the 1994 offense. Trial counsel testified she did not remember "any specifics" about Martinez's plea, which was made over twenty years prior on June 23, 1995. Based on her review of court records, trial counsel believed she only met with Martinez one time in court. Although trial counsel did not remember her conversation with Martinez or any other facts about the case, she testified it was her standard practice to inquire about a client's prior criminal history before accepting a plea, and she would explain to a client the meaning of a plea of "no contest." Trial counsel did not remember whether she discussed with Martinez his prior DWI arrests:

> Q. [by habeas counsel for Martinez] And just to be clear, you are not sure if you guys ever talked about [Martinez's] prior DWIs and if they could ever be used again or not.

A. [by trial counsel] That is correct. If the DA had said something to me, of course, anything they would have told me, I would have told [Martinez]; but I have no recollection one way or the other.

The trial court subsequently issued its Findings of Fact and Conclusions of Law. The trial court found, in pertinent part:

- [Trial counsel] had no independent recollection from 1995 that indicated that her performance was deficient. She acknowledged that the plea bargain paperwork contained her handwriting and indicated that the range of punishment reflected the range of punishment for Driving While Intoxicated, Open Container. She further testified that if there was a video in the case, she would have watched it, and evaluated the merits of the case according to the law.

- The court does not find credible [Martinez's] affidavit nor [Martinez's] testimony that he would have proceeded to trial.

Based on these findings, the trial court concluded Martinez's plea to the 1994 offense was voluntarily entered, and trial counsel's performance "did not fall to the level of deficient performance to merit a finding of ineffective assistance of counsel." The trial court denied Martinez's Application for habeas relief without addressing Martinez's second claim for relief regarding denial of access to the courts.

Martinez filed a notice of appeal and was appointed counsel to represent him in this court.

## DISCUSSION

In two issues on appeal, Martinez challenges the trial court's denial of the Application because: (1) Martinez proved the "no contest" plea was rendered involuntary due to ineffective assistance of trial counsel, and (2) the trial court erred because his right to access to courts was denied.

### A.    Standard of review

An applicant seeking habeas corpus relief who claims his plea was not knowing and voluntary must prove that claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d

657, 664 (Tex. Crim. App. 2006); *Ex parte Leal*, 427 S.W.3d 455, 459 (Tex. App.—San Antonio 2014, no pet.). We review the facts in the light most favorable to the trial court's ruling and will not reverse unless the trial court abused its discretion. *Ex parte Leal*, 427 S.W.3d at 459. However, where the facts are uncontested and the trial court's ruling does not turn on the credibility or demeanor of the witnesses, we review the trial court's ruling de novo. *Id.*

### B.       Ineffective assistance of counsel

A criminal defendant has a Sixth Amendment right to effective assistance of counsel when entering a guilty plea. *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010)). "To be entitled to habeas relief based on ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence that counsel's performance was deficient and that he was prejudiced as a result." *Id.* To prove deficient performance, the defendant must show counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009)). To prove prejudice, the defendant must show there is a reasonable probability that, but for counsel's deficient performance, he would not have entered the plea and would have gone to trial instead. *Id.* (citing *Hill*, 474 U.S. at 59).

Here, Martinez argues trial counsel's representation fell below an objective standard of reasonableness because she failed to advise him that a plea of "no contest" to the 1994 offense could be used to enhance a future DWI offense to a felony. However, as a general rule, counsel has no duty to inform a defendant of the various ways his plea could be used against him as a collateral, as opposed to direct, consequence of the plea. *Ex parte Morrow*, 952 S.W.2d 530, 536–37 (Tex. Crim. App. 1997) ("Applicant has not proven by a preponderance of the evidence that counsel's alleged failure to advise him, *ad infinitum*, of the various ways such guilty pleas could

be used against him at a hypothetical retrial, was 'outside the wide range of competence demanded of attorneys in criminal cases.'" (quoting *Hill*, 474 U.S. at 56)). A consequence is "collateral" if it is not a "definite, practical consequence" of the defendant's plea. *Id*. at 536. For instance, the enhancing effect of a state conviction on a future federal sentence is a collateral, not a direct, consequence of a guilty plea. *Crawford v. State*, 155 S.W.3d 612, 614 (Tex. App.—San Antonio 2004, pet. ref'd). When a defendant is fully advised of the direct consequences of his plea, his ignorance of a collateral consequence does not render his plea involuntary. *Ex parte Morrow*, 952 S.W.2d at 536.

Martinez does not identify, and we are not aware of, any authority requiring trial counsel to advise him that a plea of "no contest" to the 1994 offense could be used to enhance a future DWI offense committed over ten years later. Therefore, even if trial counsel failed to advise Martinez of this potential, collateral consequence of his plea, Martinez has not demonstrated trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88. Accordingly, the trial court did not abuse its discretion in denying Martinez's petition for writ of habeas corpus on this basis. Martinez's first issue on appeal is overruled.

## C.    Access to courts

In his second issue on appeal, Martinez argues the trial court erred because he established his right to access to courts was denied. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries <u>or</u> adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added). Therefore, when a prisoner is provided a court-appointed attorney, he is not deprived of his fundamental constitutional right of access to the courts. *See Bright v. State*, 585 S.W.2d 739, 744 (Tex. Crim. App. [Panel Op.] 1979) (holding fundamental constitutional right of access to the courts is satisfied

where criminal defendant is appointed counsel); *cf. Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) (holding applicant prisoner who declined court-appointed representation had no constitutional right to access a prison law library).

Here, Martinez was appointed counsel to prepare his Application and to represent him in the trial court. Martinez confirmed on the record during the hearing of his Application that he had sufficient time to confer with his court-appointed habeas counsel and was satisfied with habeas counsel's representation. Accordingly, because Martinez was provided adequate assistance from someone trained in the law, he was not deprived of his constitutional right to access the courts in relation to this habeas proceeding. Therefore, Martinez's second issue on appeal is overruled.

## CONCLUSION

Because we conclude the trial court did not err in denying Martinez's application for writ of habeas corpus, we overrule Martinez's issues on appeal and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH